DeWitt BROWN, Appellant,

v.

GRAYSON ENTERPRISES, INC., et al., Appellees.

No. 16658.

Court of Civil Appeals of Texas.

Dallas.

March 11, 1966.

Rehearing Denied April 8, 1966.

G. H. Kelsoe, Jr., Dallas, for appellant.

Douglas E. Bergman and John W. Clark, Jr., Dallas, for appellees.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted for it.

The appellant DeWitt Brown sued the appellees Grayson Enterprises, Inc. and Theodore Shanbaum for damages for the breach of an alleged lifetime employment contract. The corporate defendant (hereinafter called Grayson) filed a counterclaim against appellant on a note. The trial court rendered summary judgment that appellant take nothing as against either defendant and that Grayson recover against appellant on its counterclaim. We affirm.

The summary judgment was pursuant to Rule 166–A, Vernon's Texas Rules of Civil Procedure, and our review of it must be within certain guidelines laid down by our Supreme Court and summarized in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex.Sup. 1965, 391 S.W.2d 41, 47, in substance as follows:

1. Summary judgment is authorized only when it is shown that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

2. The burden of proof is on the movant to establish the absence of any such issue.

3. All conflicts in the evidence are disregarded, and the court must view the evidence in the light most favorable to the party opposing the motion, accepting as true all evidence which tends to support his position.

4. The court must resolve all doubts as to the existence of a genuine issue of a material fact against the movant.

5. If the motion involves the credibility of affiants or deponents, or the weight of their statements, or a mere ground of inference, the motion should be denied.

Appellant does not attack that part of the judgment against him on the counterclaim, but appeals from the remainder of the judgment on eight points of error contending that there were genuine issues of facts (1) as to whether a lifetime employment contract was made between appellant and Grayson, (2) as to whether Shanbaum had as a personal undertaking promised appel-

lant a job for life with Grayson, (3) as to estoppel of Grayson to deny the existence of the contract, (4) on delegation of authority to officers by the board of directors for the making of such contracts, (5) as to actual and apparent authority of officers to make the contract, (6) as to ratification of the contract by Grayson's board of directors, (7) as to waiver by the board of directors of its right to approve or make such contracts, and (8) as to fraud.

Appellant alleged that he had been an employee of Grayson Enterprises, Inc. for several years and, with the knowledge and consent of Grayson, also operated his own bookkeeping and accounting business in his home in Wichita Falls, Texas, deriving from such separate business an average annual income of $7,500; that in consideration of his abandoning this separate business and moving to Lubbock, Texas, the appellees orally promised him lifetime employment.

Appellees' verified motion for summary judgment alleged, *inter alia*, that Grayson could not be held to the alleged promise because the pleadings, exhibits and depositions showed that it was not authorized, approved, ratified or confirmed by either Grayson's directors or stockholders.

In his affidavit opposing the motion and in his deposition appellant made the following sworn statements: He was employed by Grayson as a bookkeeper from 1955 to July 31, 1963, at Wichita Falls until December 1961, when he was transferred to Lubbock. He was transferred to Dallas in February 1963 and back to Lubbock in May 1963. Until April 1963 Grayson's operations were handled and managed exclusively by Sidney Grayson, who used the title of President, and Nathan Levine, who used the title of General Manager, both of whom were also shareholders and directors of the company and hired and fired all employees and set their salaries, which responsibility was left entirely to them; and their exercise of the authority was never questioned by the other directors. These men had apparent authority to hire and fire anyone they chose, and appellant relied on this apparent authority, having been told nothing to the contrary. During his employment in Wichita Falls and Lubbock appellant and his wife operated a separate bookkeeping business in Wichita Falls under express authority from Levine, but shortly after moving to Dallas in February 1963 Levine asked him to give up this outside business so as to have more time for the affairs of the company. When he explained to Levine that he needed this outside business for economic security Levine assured him that he could count upon a job with the company for the rest of his life and therefore would no longer need the outside business. Wholly in reliance upon this assurance appellant agreed to give up the outside business, and would not have done so without the assurance.

In April 1963 there was some conflict between the shareholders and directors of the company, and Shanbaum became Chairman of the Board and Chief Executive Officer, retaining also his position as Treasurer. Sidney Grayson continued as President and Levine as Vice-President. Shortly thereafter appellant told Shanbaum that he was concerned about his future with the company, and Shanbaum assured him he had nothing to worry about, that his future with the company was assured and that he had a job with the company as long as he wanted it. A few days later Shanbaum asked him to transfer back to Lubbock, to which he agreed subject to being satisfied about his position and future with the company. In reply, Shanbaum promised him a job for the rest of his life; and in addition Shanbaum told him that he would be his (Shanbaum's) personal representative in Lubbock, looking out for his interests there, and would report directly to him. In reliance upon these statements he agreed to return to Lubbock, and would not have done so except for such statements. He believed Shanbaum was being

truthful and honest in making these representations and had full authority to do so on behalf of Grayson. In July 1963 he was fired by Shanbaum, "arbitrarily and summarily," and without any action by the board of directors. Appellant was 61 years of age when his deposition was taken November 17, 1964.

■ Shanbaum in his deposition denied having even discussed appellant's employment status with him, but in accordance with the foregoing rules, we disregard this conflict and accept appellant's sworn statements of facts as true. Even so, it is obvious that if Shanbaum made the statements attributed to him by appellant he was doing so on behalf of the corporation, and not offering to employ appellant to work for him personally, and that appellant so understood it. For this reason we think the trial court correctly sustained Shanbaum's motion for summary judgment. Appellant's second point of error is overruled.

■ Appellant contends that the corporations should be held bound by the alleged contract on the grounds of estoppel, waiver and ratification. However, for the corporation to be estopped to repudiate the contract, or to have waived its right to do so, or to be held to have ratified it, the corporation must have had knowledge of it. Unless the corporation can be found to have knowingly caused or permitted appellant to suffer an injury or detriment in reliance upon the contract, it cannot properly be said to be estopped to deny its liability under it. Thompson v. Crim, Tex.Civ.App., 103 S.W.2d 855, affirmed 132 Tex. 586, 126 S.W.2d 18; Richey v. Miller, 142 Tex. 274, 177 S.W.2d 255, 170 A.L.R. 832; Hallmark v. United Fidelity Life Ins. Co., 155 Tex. 291, 286 S.W.2d 133.

On the same principle, it cannot be said to have ratified a contract it knew nothing about. General Paint Corp. v. Kramer, 10 Cir., 57 F.2d 698, cert. den. 287 U.S.

605, 53 S.Ct. 10, 77 L.Ed. 526, wherein it was said: "* * * the cornerstone of ratification is knowledge of all material facts." At least, there should be such evidence as to justify the presumption that the corporation did have such knowledge. Almar-York Co. v. Fort Worth National Bank, Tex.Civ.App., 374 S.W.2d 940, wr. ref. n. r. e. And unless one's right is known to him he cannot be said to have waived it. As there was no such evidence, these contentions are overruled.

■ Our above statement, that we would be compelled to accept appellant's sworn statements as true, is subject to the qualification that, as set forth in subdivision (e) of Rule 166–A, T.R.C.P., statements made in support of or in opposition to motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In the light of this limitation, we conclude that appellant's sworn statement that Grayson's officers had "apparent authority" to hire and fire employees as they chose, is a legal conclusion rather than a statement of fact and would not be admissible in evidence. Moreover, it was not shown affirmatively that appellant was competent to testify thereto. Therefore, the statement was properly disregarded by the trial court. Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, wr. ref.

■ Moreover, appellant would not be entitled to rely on such "apparent authority" unless he could also show that the alleged contract in question was one usually made by such officers in the ordinary course of the corporation's business. In other words, under the law, the general authority of such officers to employ embodies only the right to make contracts of a usual and reasonable sort. There is no evidence in the record before us to justify an ordinary competent person, familiar with the situation and with the

ordinary methods of business, considering the matter in the light of everyday experience, to say that the making of this contract by either Levine or Shanbaum formed a natural and ordinary part of the management of the corporation's affairs. Babicora Development Co. v. Edelman, Tex.Civ.App., 54 S.W.2d 552, 555, wr. dism.

While our Texas courts do not seem to have passed directly on this question, as it relates to lifetime employment contracts, we think the weight of authority is to the effect that, in the absence of express authority, corporate officers and agents lack the power or authority to hire employees for life. See the extensive annotation in 28 A.L.R.2d 929, and Pioneer Specialties, Inc. v. Nelson, 161 Tex. 244, 339 S.W.2d 199. The power, authority and responsibility for handling the business affairs of corporations generally are conferred and imposed by law upon the board of directors. Art. 2.31, Texas Business Corporation Act, V.A.T.S. The owners of the corporation, the shareholders, have the right to know that the board of directors will not delegate to the officers authority to make extraordinary contracts, which are not usually made in the ordinary course of the corporate business.

We agree with the reasoning of the Court of Appeals of Maryland in Chesapeake & Potomac Tel. Co. of Baltimore City v. Murray, 198 Md. 526, 84 A.2d 870, 872, 28 A.L.R.2d 920, which was a case involving an alleged employment contract for life, wherein the court said:

"We have announced the rule that a general manager or a managing agent of a corporation ordinarily has implied authority to hire employees when the employment is usual and necessary and within the scope of the corporate purposes. Atholwood Development Co. v. Houston, 179 Md. 441, 445, 19 A.2d 706. But it is also accepted that an officer of a corporation ordinarily has no implied authority to bind it by a contract of employment for life. The law contemplates the right of stockholders to change the management of the affairs of their corporation periodically by providing for the election of a board of directors. If corporate officers could enter into contracts giving persons of their selection employment for life, the directors might be deprived of their authority. To justify the Court in finding such an employment, there must be proof that there was definite authority, by by-law, action by the board of directors, or otherwise, to make such a contract. Accordingly, when an employee of a corporation claims that he has been employed on a lifetime basis, he must show either (1) that the officer who made the contract of employment acted on behalf of the corporation with authority for that purpose, or (2) that the contract was ratified by the corporation or its fruits were accepted with full knowledge of the circumstances of their acquisition."

In Leak v. Halaby Galleries, Tex.Civ. App., 49 S.W.2d 58, wr. ref., the plaintiff contended that he had been employed as office manager by the defendant corporation, acting by and through its president, who owned nearly all of the stock. The contract was in writing and provided employment of the plaintiff for nearly four years, and this court held that, even though the president owned substantially all of the stock of the corporation and was given power of supervision over the affairs and other officers of the corporation, with authority to sign stock certificates, written contracts and checks of the corporation, and to perform such other duties incident to his office, he had no authority, express or implied, to make the contract for three years and eight months. We said: "The general supervision over the affairs of the corporation given the president related to the usual and ordinary matters and contracts, but did not authorize him to bind the corporation to the performance

of the unusual contract under consideration."

Appellant does not seriously contend that either Levine or Shanbaum had actual authority from the board of directors or under the bylaws to make the alleged contract, and the affirmative showing made by appellees clearly established that they had no such actual authority. Appellant having relied solely upon the alleged apparent, ostensible, or implied authority of these officers to make the lifetime employment contract on behalf of the corporation, and since we have held that under the facts in the record before us this corporation would not be liable under such an extraordinary, unusual contract on the doctrine of implied, ostensible or apparent authority, and since there was no evidence raising fact issues as to estoppel, ratification, waiver or fraud, it must follow that there was no genuine issue as to any material fact and that the trial court did not err in sustaining the motions of both appellees for summary judgment.

The judgment appealed from is accordingly

Affirmed.