**John F. NELMS, Appellant,**

v.

**A & A LIQUOR STORES, INC. et al.,
Appellees.**

**No. 4306.**

Court of Civil Appeals of Texas.

Eastland.

July 31, 1969.

Rehearing Denied Sept. 12, 1969.

Stroud & Smith, John R. Feather and Ronald Kessler, Dallas, for appellant.

Dick P. Wood, Dallas, for appellees.

COLLINGS, Justice.

This suit was brought by John F. Nelms against A & A Liquor Stores, Inc. and R. C. Nelms, Jr. Plaintiff alleged that in October of 1960, A & A Liquor Stores, Inc., acting through its president and director, R. C. Nelms, Jr., made an oral contract effective as of September 1, 1960, to employ plaintiff for the remainder of his life and to pay him a fixed annual salary plus an additional 25% of the annual profits of the corporation not to exceed $40,000.00 per year; that thereafter on June 6, 1967, the defendant corporation repudiated and terminated the contract of employment and has since that time continuously failed and refused to comply with such contractual obligations to plaintiff. Plaintiff sought to recover alleged actual and exemplary damages in the total amount of $1,007,200.00. The motions of R. C. Nelms, Jr., and A & A Liquor Stores, Inc., for a summary judgment were granted and John F. Nelms has appealed.

In several points appellant contends, in effect, that the court erred in holding that no genuine issue of any material fact was raised by the pleadings, depositions and affidavits on file and in holding that appellees were entitled to the summary judgment rendered.

Appellant John F. Nelms became an employee of A & A Liquor Stores, Inc., when it was incorporated in 1951. The officers of the corporation at the time of its formation were R. C. Nelms, Jr., President, John Irma Nelms, Vice-President, and John F. Nelms, Secretary. The charter provided for 500 shares of capital stock. Shares were issued as follows: to R. C. Nelms, Jr., 255 shares; to John Irma Nelms, (mother of appellant and appellee Nelms), 243 shares; and one share to John F. Nelms for which he paid nothing. These shareholders were also made directors of the corporation. The charter further provided that directors for the corporation should be elected at the annual meeting of the stockholders, that the property and business of the corporation should be managed by its Board of Directors, that the salaries of all officers and agents of the corporation should be fixed by the Board, and that any officer elected or appointed by the Board might be removed at any time by the affirmative vote of a majority of the whole Board of Directors. See also Articles 2.31, 2.32 and 2.42 of the Business Corporation Act, V.A.T.C.S.

On or about December 21, 1955, A & A Liquor Stores entered into a written contract with appellant to employ him as general manager of the business for a term of ten (10) years. The contract provided that appellant should be paid an annual salary of $10,800.00 plus an annual bonus of $1,000.00 and a commission of 25% of the net profits. The employment contract was authorized by the directors of the corporation on December 21, 1955. It is undisputed that appellant John F. Nelms was general manager until September 22, 1959, when it is admitted by appellant that his employment in that capacity was terminated and he has performed very little service for the company since that time. However, he continued to be a director and secretary of the corporation until May 31, 1967. In regard to the termination of his service as general manager, appellant stated in his deposition that R. C. Nelms, Jr. said there would be no change in his remuneration. The Board of Directors of appellee A & A Liquor Stores, Inc., thereafter, on August 25, 1960, at a special meeting fixed John F. Nelms' salary at a sum not to exceed $40,000.00 per year. There is no

showing that appellant objected to this change of salary. Although the record shows that appellant thereafter rendered negligible services for the liquor store he continued to draw such salary until May 31, 1967. Specifically, appellee A & A Liquor Stores paid to appellant the following amounts during the named calendar years: for 1959 $82,474.00; for 1960 $79,105.00; for 1961 $45,345.00, for 1962 through 1966, the amount of $40,000.00 each year, and $33,000.00 during a portion of the year 1967. On May 8, 1967, the Board of Directors of appellee liquor stores adopted a resolution terminating the services of appellant, John F. Nelms, but offered to continue him as a consultant at $500.00 per month. Appellant refused the offer to become a consultant. On August 7, 1967, appellant John F. Nelms requested A & A Liquor Stores to pay him the balance of all sums owing to him on the books of the corporation. This was done on October 10, 1967.

Appellant bases his right to recover on an alleged conversation and oral contract between himself and R. C. Nelms, Jr., which is alleged to have occurred in Murchison, Texas, in mid October of 1960. Appellant contends that such oral agreement concerning his lifetime employment by the corporation was between two of the three directors of the corporation who were also brothers, officers and shareholders. Appellant contends that the oral agreement to employ him for life was valid and binding because the directors had actual authority to manage the corporation; that R. C. Nelms, Jr., as controlling shareholder, director and president had actual authority to make a contract for appellant's lifetime employment because the contract was entered into between two of the three directors of the corporation; that the oral agreement in question was, in fact, a meeting of the Board of Directors of the corporation at which time there was present two of the three directors who constituted a majority of the board. Appellant further contends that the fact that there was no formal minutes or ratification of this oral contract is cured by the fact that the parties thereto represented a majority of the shareholders of the corporation at the time the contract was entered into.

Appellant's points are overruled. We agree with appellant's premise that all doubts concerning the existence of any genuine issue of material fact must be resolved against the party seeking a summary judgment. We cannot agree, however, that any such doubt exists in this case. As heretofore noted, the sole basis of appellant's claim against appellees is the alleged oral contract for lifetime employment. Under the undisputed evidence appellant is not entitled to recover upon the alleged contract. Assuming that the contract was entered into by R. C. Nelms, Jr., and appellant, as appellant contends, still the undisputed evidence shows that the contract was a nullity, and that appellee A & A Liquor Stores, Inc., is not bound thereby. R. C. Nelms, Jr. and appellant were both directors at the time of the making of the alleged oral contract. They did represent a majority of the directors and stockholders of the corporation. However, appellant had an interest in the contract and his presence and vote was necessary to provide a quorum. It is not proper for a director to vote on a transaction in which he is personally involved. A majority of the disinterested members of the board was not present. Appellant was without authority to act as a director in consummating such a contract because his interest was adverse to that of the corporation. It is held that when a contract is entered into with such a director and his vote is necessary to authorize the contract, the contract is not enforceable. San Antonio St. Ry. Co. v. Adams, 87 Tex. 125, 26 S.W. 1040, (1894); Williams & Miller Gin Co. v. Knutson, 63 S.W.2d 576, (Tex.Civ.App., 1933, no writ history); Wiberg v. Gulf Coast Land & Development Company, 360 S.W.2d 563 (Tex.Civ. App., 1962, n. r. e.); A. J. Anderson Co. v. Kinsolving, 262 S.W. 150, (Tex.Civ.App.,

1924, error dis.); McLendon Hardware Co. v. Black, 264 S.W. 1011, (Tex.Civ. App., 1924, no writ history).

As heretofore noted, the charter of appellee corporation provides that the business of the corporation and salary of its officers and employees shall be fixed by the Board of Directors. Appellant contends, however, that at all times material hereto the corporation was owned by the immediate family; that R. C. Nelms, Jr. was the principal and controlling shareholder, officer and director; that he was actually in charge of the corporation and all its activities and had full authority to bind the corporation to the lifetime contract of employment here in question. Appellant particularly contends that when the evidence is viewed from the most favorable standpoint to him, as required in such cases, that the facts show appellee, R. C. Nelms, Jr., had actual or implied authority as president, director and majority stockholder of the family owned corporation to bind such corporation to the lifetime contract of employment, and that the court erred in granting appellees' motion for summary judgment. We cannot agree with this contention.

 Generally speaking, the legal power to employ agents and servants to transact the business and perform the work of corporations rests with the Board of Directors. Article 2.31, Texas Business Corporation Act, V.A.T.C. It is further held that the exercise of such power must be the act of the board and not that of a single director. 19 C.J.S. Corporations § 1048 page 549; Brown v. Grayson Enterprises, Inc., 401 S.W.2d 653, (Dallas, Tex.Civ.App., 1966, writ ref. n. r. e.). Also as a general rule the president has no authority by virtue of his office alone to employ such agents and servants of the corporation. However, as stated in 19 C.J.S. Corporations § 1048 at page 550, "—where he is —acting as general manager, he may employ such agents or employees as are usual and necessary in the conduct and management of the particular business; but power to employ agents and servants does not authorize the making of a contract for services of an unusual and extraordinary nature unless such contract is directly authorized."

The charter of the corporation here involved provided that the directors should be elected annually. In Leak v. Halaby Galleries, 49 S.W.2d 858, (Dallas, Tex.Civ. App., 1932, writ ref.), the plaintiff sued for damages alleging the breach of a written personal service contract between him and such a defendant corporation. The plaintiff contended that he had been employed as office manager for a period of 3 years and 8 months by the corporation acting through its president who owned nearly all of the stock, and who had the power of supervision over the affairs and other officers of the corporation, with authority to sign written contracts and to perform other duties incident to his office. It was there held that the contract was unusual, out of the ordinary and not authorized by the Board of Directors; that the facts of the case did not justify the conclusion that the president was impliedly authorized to bind the corporation to the performance of the employment contract for the time stipulated, and that the contract was good for one year only.

 By the weight of authority, in the absence of express authority, a general manager of a corporation with authority to employ is not presumed to have the power to make contracts for lifetime employment. Brown v. Grayson Enterprises, supra; Maple Island Farm v. Bitterling, 8 Cir., 209 F.2d 867.

 We hold that even if, as appellant contends, there was an oral agreement for lifetime employment between him and the president of appellee corporation that the alleged contract was not a binding one and not within the express, implied or apparent authority of the corporate officer. In our opinion the following quote from the case of Leak v. Halaby Galleries, supra, 49 S.W.

2d at page 860, is applicable to the facts of this case:

> "The general supervision over the affairs of the corporation given the president related to the usual and ordinary matters and contracts, but did not authorize him to bind the corporation to the performance of the unusual contract under consideration."

There was no evidence in the instant case of such authority on the part of the president. Neither was there any evidence that such contract was ratified by the corporation. If there was an agreement for appellant's lifetime employment between him and appellee president, then there was no evidence that the president made the agreement in his individual capacity rather than as president of the corporation. There was no genuine issue as to any material fact which would support appellant's right to recover upon the alleged contract from the corporation or from R. C. Nelms, Jr. The court properly sustained both appellees' motions for summary judgment. Appellant's points are all overruled.

The judgment is affirmed.