**CONFEDERATED LIFE INSURANCE COMPANY et al., Appellants,**

v.

**W. Calvin MICKLER, Appellee.**

**No. 15069.**

Court of Civil Appeals of Texas, San Antonio.

May 31, 1972.

Rehearing Denied June 28, 1972.

Tinsman & Houser, Inc., Margaret M. Maisel, San Antonio, for appellants.

Edward E. DeWees, Jr., Haight & DeWees, San Antonio, for appellee.

BARROW, Chief Justice.

A venue action. Appellee brought this suit against Confederated Life Insurance Company, United National Life Insurance Company and Pollard Simons, claiming partial breach of an agency contract. Defendants each filed a Plea of Privilege which were duly controverted and venue asserted under Subdivisions 5, 23 and 29a of Article 1995, Vernon's Annotated Civil Statutes. The trial court overruled said pleas after a non-jury hearing, and appellants have perfected this appeal. Appellee subsequently dismissed the suit as to United National Life Insurance Company and Pollard Simons; and therefore, we will not consider these parties on this appeal.

On January 1, 1960, appellee, hereinafter referred to as Mickler, entered into a written contract with Consolidated Funeral Service Association of San Antonio whereby he agreed to solicit and sell insurance policies to certain persons residing in a radius of 75 miles of San Antonio. Consolidated agreed to pay certain commissions and renewals on policies sold by Mickler. Consolidated also agreed to pay $50.00 per month for automobile expense and $210.00 per month office salary. It was agreed that this contract should be for the duration of the life of Mickler and was binding on the assigns of each party. On April 1, 1967, Consolidated sold its business to Confederated Life Insurance Company and this contract was expressly approved in writing on behalf of Confederated by H. T. Hahn, Vice President. Mickler continued to work under this contract and was paid pursuant to same until June 30, 1970. He has not been paid the automobile expense or office salary since this date, although he has continued to receive his commissions and renewals.

Confederated is a Texas corporation with its residence and principal place of business in Dallas County. Mickler urges, however, that venue lies in Bexar County under Subdivisions 5 and 23.

It is seen that the written contract does not obligate Confederated, or its assigner Consolidated, to perform the obligation sued upon herein in Bexar County. Therefore, venue may not be sustained in

Bexar County under Subdivision 5. 1 McDonald, Texas Civil Practice, Section 4.11.5; Garcia v. Kingsville First Savings & Loan Association, 415 S.W.2d 537 (Tex.Civ.App.—San Antonio 1967, writ dism'd); Stull Chemical Co. v. Capital Southwest Corporation, 408 S.W.2d 535 (Tex.Civ.App.—San Antonio 1966, no writ).

Under Subdivision 23, suit may be brought against a private corporation outside the county of its residence in these situations: (1) in the county where the plaintiff's cause of action or a part thereof arose; or (2) in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation has an agency or representative in such county. The question before us is whether the record supports the implied finding of the trial court that Mickler established, by a preponderance of the evidence all elements of a cause of action, a part of which arose in Bexar County. It is asserted by Confederated that Mickler did not prove the existence of a valid lifetime employment contract as sued on herein. See Nelms v. A & A Liquor Stores, Inc., 445 S.W.2d 256 (Tex.Civ.App.—Eastland 1969, writ ref'd n. r. e.).

■ The contract in question was entered into between Mickler and Mrs. Joni Jones as Manager Director of Consolidated Funeral Services Association. The minutes of the Board of Directors of Consolidated for August 30, 1956, show Mrs. Jones was authorized by the Board " . . . to make all Agent, General Agent and Sales Mgr. contracts." on behalf of Consolidated. Nowhere in said minutes is there an express approval of the contract Mrs. Jones subsequently made with Mickler. However, the court's implied finding of ratification is supported by the uncontradicted testimony that Mickler worked and was paid under the terms of such contract from January 1, 1960, until June 30, 1970. Included is a period of over three years after Confederated purchased the entire business operation of Consolidated.

Furthermore, the suit not only seeks a declaration of the rights of the parties under said contract, but seeks recovery of the sum of $2,080.00 allegedly due and owing for services previously performed.

■ The contract was executed in San Antonio, Bexar County. Mickler was located there and his services were to be performed within a 75-mile radius of San Antonio which would include all of Bexar County. He has shown a breach of the contract and damages as a result thereof. Thus, a part of his cause of action arose in Bexar County so as to establish venue in Bexar County against Confederated under Subdivision 23. 1 McDonald, Texas Civil Practice, Section 4.30.2; Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674 (Tex.1936); Transit Grain & Commission Co. v. Snapp, 148 S.W.2d 233 (Tex.Civ.App.—Amarillo 1941, no writ). It is unnecessary to consider whether Confederated has an agency or representative in such county.

The order of the trial court is affirmed as to Confederated Life Insurance Company.