**THOMSON OIL ROYALTY,
LLC, Appellant,**

**v.**

**Camille Tucker GRAHAM, Appellee.**

**No. 12–10–00422–CV.**

Court of Appeals of Texas,
Tyler.

Sept. 30, 2011.

April M. Gregston, W. Stephen Shires, for Appellant.

William D. Guidry, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Thomson Oil Royalty, LLC appeals the trial court's summary judgment entered in favor of Appellee Camille Tucker Graham. In four issues, Thomson Oil contends that the trial court erred in granting summary judgment in Graham's favor. We affirm.

### BACKGROUND

In 2008, Thomson Oil and EOG Resources, Inc. (EOG) attempted to acquire mineral leases in the Haynesville Shale formation located in San Augustine County, Texas. Both parties contacted Graham about leasing minerals she owned in San Augustine County. The summary judgment evidence reveals that the following relevant events transpired:

- On July 21, Graham signed a memorandum of oil, gas, and mineral lease with EOG, in which she agreed to lease a 306 acre tract to EOG for $127,000.00. The effective date of the lease is July 18, 2011.
- On July 23, Terry Scull, the manager for Thomson Oil, contacted Graham concerning Thomson Oil's leasing the same 306 acre tract and a 241 acre tract from her.
- On July 24, Thomson Oil sent Graham an oil and gas lease for the 306 and 241 acre tracts as well as a bank draft for $136,755.00.
- On July 25, Graham signed the lease to Thomson Oil covering the 306 and 241 acre tracts.
- On July 28, Scull contacted EOG seeking to assign Thomson Oil's lease covering the 306 and 241 acre tracts to EOG for consideration.
- On July 30, EOG recorded its memorandum of oil, gas, and mineral lease in volume 114, page 296 of the Real Property Records of San Augustine County. Thereafter, EOG notified Scull of its lease covering the 306 acre tract. Scull later saw this recorded memorandum in the San Augustine County clerk's office.
- Scull had a telephone conversation with Graham during which she admitted that the 306 acre tract previously had been leased to EOG. Thereafter, Graham's attorney sent Scull a letter confirming the prior lease to EOG and requesting that he return the signed lease to Graham and refuse to pay the thirty day bank draft of $136,755.00.
- On August 25, Thomson Oil paid the $136,755.00 bank draft to Graham.
- On August 27, Thomson Oil filed the July 25 lease from Graham covering both the 306 and 241 acre tracts in volume 116, page 505 of the Real Property Records of San Augustine County. Thereafter, Thomson Oil assigned its interest in the 241 acre tract to Devon Energy for $200,000.00.

On December 19, 2008, Thomson Oil filed suit against Graham seeking damages for statutory fraud, common law fraud, breach of contract, breach of warranty of title, and unjust enrichment. Graham an-

swered alleging the affirmative defense of ratification and further alleging that no warranty had been made to Thomson Oil in conjunction with the lease at issue.

Thereafter, Thomson Oil filed a traditional motion for partial summary judgment, in which it argued that Graham had breached her warranty of title to Thomson Oil. Graham filed a traditional motion for summary judgment arguing that (1) Thomson Oil had ratified the lease and (2) no warranty had been made in the lease to Thomson Oil. The trial court denied Thomson Oil's motion for partial summary judgment and granted Graham's motion. This appeal followed.

## Motion for Summary Judgment

In four issues, Thomson Oil contends that the trial court erred in granting Graham's motion for summary judgment because (1) the lease at issue was not a quitclaim; (2) Thomson Oil's causes of action for common law fraud and statutory fraud were not before the court; (3) Graham was not entitled to summary judgment on her affirmative defense of ratification; and (4) the other affirmative defenses asserted by Graham were not relevant to the trial court's decision.

## Standard of Review

■■■ The movant for traditional summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). When a defendant moves for summary judgment based on an affirmative defense, such as ratification, the defendant, as movant, bears the burden of proving each essential element of that affirmative defense. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996). Once the movant has

established a right to summary judgment, the burden of proof shifts to the nonmovant to respond to the motion and present to the court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

■■■ We review the entire record de novo in the light most favorable to the nonmovant and indulge every reasonable inference to resolve any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006); *KPMG Peat Marwick v. Harrison County Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). If, as in the instant case, the order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if any of the grounds in the summary judgment motion is meritorious. *See FM Props. Oper. Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). Further, when competing motions for summary judgment are filed, and one is granted while the other is denied, we first review the order granting summary judgment. *See Cent. Mut. Ins. Co. v. KPE Firstplace Land, LLC*, 271 S.W.3d 454, 458 (Tex. App.-Tyler 2008, no pet.).

## Ratification

In its third issue, Thomson Oil contends that Graham failed to prove she was entitled to judgment as a matter of law on her affirmative defense of ratification.

### Applicable Law

■■■ A contract procured by fraud can be ratified. *See Harris v. Archer*, 134 S.W.3d 411, 427 (Tex.App.-Amarillo 2004, pet. denied). Ratification is the adoption or confirmation, by one with knowledge of all material facts, of a prior act that did not then legally bind that person and which that person had a right to repudiate.

*Enserch Corp. v. Rebich,* 925 S.W.2d 75, 84 (Tex.App.-Tyler 1996, writ dism'd by agr.). Ratification implies actual knowledge as distinguishable from constructive notice. *Thompson v. Crim,* 103 S.W.2d 855, 857–58 (Tex.Civ.App.-Texarkana 1937), *aff'd,* 132 Tex. 586, 126 S.W.2d 18 (1939). Actual knowledge rests on personal information or knowledge. *Madison v. Gordon,* 39 S.W.3d 604, 606 (Tex.2001).

■■■ Ratification occurs when a party recognizes the validity of a contract by acting under it, performing under it, or affirmatively acknowledging it. *Barker v. Roelke,* 105 S.W.3d 75, 84 (Tex.App.-Eastland 2003, pet. denied); *see also Old Rep. Ins. Co. v. Fuller,* 919 S.W.2d 726, 728 (Tex.App.-Texarkana 1996, pet. denied) (ratification can occur if party, at time of his allegedly ratifying acts, has knowledge of all material facts pertaining to prior fraudulent transaction). The relevant inquiry is what actions were taken by the party seeking to avoid the contract once that party became aware of the alleged fraud. *Harris,* 134 S.W.3d at 427. Once a party ratifies an agreement, that party may not later withdraw its ratification and seek to avoid the contract. *See id.*

■■■ Ratification extends to the entire transaction. *Land Title Co. of Dallas v. F.M. Stigler, Inc.,* 609 S.W.2d 754, 757 (Tex.1980). A party to a voidable contract may not, in equity, ratify those parts of the transaction that are beneficial to it and disavow those that are detrimental to it. *See id.* A party that accepts changed terms of a contract is deemed to have made its own decision that those terms are just; if it had thought otherwise, it should have resisted. *See Enserch Corp.,* 925 S.W.2d at 83. Whether a party has ratified a contract may be determined as a

matter of law if the evidence is not controverted or is incontrovertible. *Barker,* 105 S.W.3d at 85.

### Discussion

■■■ When Graham leased the 306 acre tract and the 241 acre tract described in the July 25 lease to Thomson Oil after she had already leased the same 306 acre tract to EOG four days earlier, her contract with Thomson Oil became voidable. *See Harris v. Archer,* 134 S.W.3d 411, 427 (Tex.App.-Amarillo 2004, pet. denied) (contract procured by fraud is voidable). However, only Thomson Oil could rescind the contract and keep its $136,755.00. *See id.* Scull, as manager for Thomson Oil, was notified by Jim Davis of EOG, Graham, and Graham's attorney that the 306 acres had been leased to EOG four days before Thomson Oil's lease was consummated. Moreover, the summary judgment evidence indicates that Scull viewed the memorandum of the oil and gas lease from Graham to EOG in the San Augustine County Real Property Records. Thus, Thomson Oil acquired actual knowledge of the EOG lease and, therefore, actual knowledge that the 306 acres had been previously leased by Graham to EOG before it consummated its lease with Graham for the same property. *See Madison,* 39 S.W.3d at 606. Yet Thomson Oil proceeded to pay $136,755.00 to Graham on August 25.[1] Confirmation of Thomson Oil's ratification of the lease occurred when, two days later on August 27, it filed its lease with Graham in the Real Property Records of San Augustine County.

■■■ Thomson Oil contends that it did not have actual knowledge of Graham's July 21 lease with EOG for the 306 acres because, despite its request, neither EOG nor Graham would supply it with their FedEx ® tracking information. There-

---

1. The thirty day period ended on a Saturday, August 23. Therefore, Thomson Oil had until the following Monday, August 25, to pay or rescind the thirty day bank draft.

fore, Thomson Oil contends it could not verify the execution date of the lease. Nonetheless, the summary judgment evidence demonstrates that Thomson Oil had actual knowledge of the lease because Scull personally viewed the lease on file in the Real Property Records of San Augustine County. Accordingly, we conclude that Thomson Oil had full knowledge of the relevant facts when it paid the thirty day bank draft to Graham, filed the July 25 lease in the Real Property Records of San Augustine County, and assigned its interest in the 241 acre tract to Devon Energy. Therefore, we hold that the trial court properly granted Graham's motion for summary judgment on her affirmative defense of ratification. Thomson Oil's third issue is overruled.[2]

### DISPOSITION

Having overruled Thomson Oil's third issue, we *affirm* the trial court's judgment.

---

**2.** Because we have overruled Thomson Oil's third issue, we do not reach its remaining issues challenging the trial court's summary judgment entered in Graham's favor. *See*

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that all costs of this appeal are hereby adjudged against the appellant, **THOMSON OIL ROYALTY, LLC,** for which execution may issue, and that this decision be certified to the court below for observance.

*Medistar Corp. v. Schmidt,* 267 S.W.3d 150, 158 (Tex.App.-San Antonio 2008, pet. denied) (citing *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993)).