**ALMAR–YORK COMPANY, Inc., Appellant,**

v.

**The FORT WORTH NATIONAL BANK,**
Trustee of the Estate of Francis H.
Sparrow, Deceased, Appellee.

No. 16482.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 17, 1964.

Rehearing Denied Feb. 14, 1964.

Maurice Amidei, Fort Worth, for appellant.

Stone, Parker, Snakard, Friedman & Brown, and G. W. Parker, Jr., Fort Worth, for appellee.

RENFRO, Justice.

On August 9, 1960, The Fort Worth National Bank, Trustee of the Estate of Francis H. Sparrow, deceased, sued the Almar-York Company, Inc., for delinquent monthly rental payments on parts of Lots 23 and 26, a subdivision of A. Robinson Survey in Fort Worth.

The defendant, on September 6, 1960, filed an answer in which it alleged the written lease, on which suit was brought, was obtained by fraud on the part of plaintiff in that plaintiff represented it would construct a rock wall in the rear of the premises.

On November 16, 1962, defendant filed an amended answer in which it plead as a defense that the lease in question was executed without authority of defendant corporation.

Trial resulted in an instructed verdict and judgment in favor of plaintiff.

Defendant has briefed a number of points of error, the gist of which is the court erred in rendering judgment for plaintiff because of the failure of plaintiff to prove that A. W. Stubbeman, president of defendant corporation, was authorized by the directors to execute the lease.

The evidence is undisputed.

At all pertinent times Stubbeman, his wife, Ruth F. Stubbeman, and M. L. Brown, Sr., were all the directors of defendant corporation. Defendant was in the business of manufacturing, assembling and servicing air conditioning units.

The first lease was entered into between plaintiff and defendant on November 23, 1951. The lease was executed for a five year period and signed by A. W. Stubbeman, president of defendant, and attested to by Ruth F. Stubbeman, secretary. Defendant immediately moved its shop, assembly and servicing departments into the building located on the described lots and also used the building as a warehouse and continued to so use the premises throughout the initial five year period.

On October 1, 1956, a new five year lease, to become effective December 1, 1956, was signed by Stubbeman as president of defendant, and attested to by Mrs. Stubbeman. The new lease provided for a monthly rental of $300.00. The monthly rental was paid until October, 1958. From the beginning period of the new lease (December 1, 1956) until October, 1957, the premises were used as they were during the first five year lease. Defendant continued to use the premises as a warehouse until October, 1958. By correspondence Stubbeman, as president of defendant, continued to recognize the lease as valid and existent.

The two directors, Stubbeman and his wife, who attested to both leases, of course knew of the second lease contract. The third director, Brown, knew the defendant corporation was using the premises and knew the purposes for which used.

Plaintiff sold the property to the City of Fort Worth in August of 1961, thus terminating the lease with defendant.

The judgment for plaintiff in the amount of $9,900.00 covers the period from the date defendant ceased to pay the monthly rental to and including the month preceding the sale of the property to the City.

The defendant, though objecting to the admissibility of some of the evidence, did

not challenge the truth of the admitted evidence.

Defendant moved for an instructed verdict when the plaintiff rested. The motion was overruled.

Defendant offered no evidence.

■ Generally if a corporation accepts the benefit of a contract or acquiesces therein with knowledge, it impliedly ratifies it. If the directors had knowledge of the contract, or if the facts are such as to justify the presumption that they did have knowledge then a failure to disaffirm amounts to ratification. Miller v. Sealy Oil Mill & Mfg. Co., Tex.Civ.App., 166 S.W. 1182.

■ The doctrine of apparent authority is based on estoppel, and one seeking to charge a principal through the apparent authority of an agent to bind the principal must prove such conduct on the part of the principal as would lead a reasonably prudent person, using diligence and discretion, to suppose that the agent has the authority he purports to exercise. Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422; Great American Cas. Co. v. Eichelberger, Tex.Civ.App., 37 S.W.2d 1050.

■ A corporation, like an individual, is bound by the acts of its agent, expressly or impliedly authorized by it. It may become bound by a ratification without any formal action for that purpose by its board of directors. It may ratify by passive acquiescence as well as by affirmative action. Its acquiescence, with knowledge, proven or which should be inferred, if continued for a considerable time, will operate as a ratification. Knowles v. Northern Texas Traction Co., Tex.Civ.App., 121 S.W. 232.

■ Keeping in mind the undisputed evidence heretofore mentioned, and in view of the above authorities, we are of the opinion the trial court correctly held that the lease contract was enforceable by reason of ratification and apparent authority. For two years defendant occupied and paid rent un-der the new lease. For the first year it used the premises for the same purposes it so used them under the original lease. During the second year it continued to use the premises for warehouse purposes. Defendant did not question Stubbeman's authority to execute the lease until six years after its execution and four years after it had ceased to pay the monthly rentals.

All of defendant's points of error have been duly considered and finding no reversible error each and all points of error are overruled.

Under the principles set out in the above cited cases, we affirm the judgment of the trial court.

Affirmed.