**Patricia L. EDWARDS, Individually and as next friend of Cynthia Edwards and John Edwards, Appellants,**

v.

**NEELY OIL, INC., Appellee.**

**No. 8780.**

Court of Civil Appeals of Texas, Amarillo.

Sept. 12, 1977.

Rehearing Denied Oct. 3, 1977.

McCreary & Weir, Robert C. McCreary, Austin, for appellants.

Gibson, Ochsner, Adkins, Harlan & Hankins, Joe Harlan, Amarillo, for appellee.

ROBINSON, Chief Justice.

This is a wrongful death action. Plaintiff Patricia L. Edwards sued Neely Oil, Inc. and other defendants individually and as next friend of her two minor children for the alleged wrongful death of her husband, John W. Edwards. Plaintiff has appealed from the granting of a summary judgment for Neely Oil, Inc. Affirmed.

In a summary judgment proceeding, the question is not whether the summary judgment proof raises fact issues with reference to essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. The burden of proof is on the movant, and all doubts as to the

existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972).

In the case before us, Neely Oil, Inc., formerly The Plains Lubricating Company, is a branded jobber of defendant Chevron, i. e., a wholesale distributor, buying gasoline from Chevron and selling it to their customers. Defendant Don W. Morgan leased a tract of land near Adrian, Texas, to Plains Lubricating Company. Plains, in turn, leased the land back to Morgan under a lease whereby Morgan agreed to sell Plains' petroleum and allied products. As a part of the transaction Plains gave Morgan an old service station building which Morgan later moved onto the property at his own expense. The building had electric wall heaters in the restrooms at the time Morgan moved it to Adrian. After moving the building, Morgan converted the heating system to propane gas, using little space heaters in the restrooms. The propane was supplied by Loveless Oil Company which owned the propane tank. Morgan later subleased the station by an oral agreement to defendant Harold Whaley who was to pay Morgan 2¢ a gallon for the gasoline sold.

On June 29, 1974, while Whaley was operating the station, Edwards, plaintiff's husband, stopped at the service station. While his car was being serviced, he went into the men's restroom. An explosion occurred in this restroom, causing the injuries from which Edwards later died. Plaintiff alleges that the death was caused by defendant's failure to furnish safe facilities, failure to inspect the restroom facilities, failure to inspect the propane gas system, failure to close off the propane outlet in the restroom to prevent leakage, and failure to have an adequate safety system such as an automatic valve to shut off the propane gas supply.

The summary judgment evidence establishes as a matter of law that Neely Oil did not have the right to exercise and did not actually exercise control over the manner or details of the operations of the station. Thus, this case is controlled by the decision in *Texas Co. v. Grant,* 143 Tex. 145, 182 S.W.2d 996 (1944); *Texas Co. v. Wheat,* 140 Tex. 468, 168 S.W.2d 632 (1943) and *Willman v. Texaco, Inc.,* 535 S.W.2d 774 (Tex. Civ.App.—Amarillo 1976, writ ref'd n. r. e.) and the relationship between Neely Oil and Morgan and Whaley is that of landlord and tenant and not that of master and servant.

Nevertheless plaintiff cites *Darryl v. Ford Motor Co.,* 440 S.W.2d 630 (Tex.1969) and *Rourke v. Garza,* 530 S.W.2d 794 (Tex. 1975) and contends that the lessor, Neely Oil, may be held liable on a theory of strict liability in tort for leasing a defective product unreasonably dangerous to consumers. We overrule the contention.

The doctrine of strict liability in tort as set out in Section 402A, Restatement 2d of Torts, applies only if the product alleged to be defective reaches the consumer without substantial change in the condition in which it is sold. In the case before us, the building's heating system underwent a complete change months after Plains had subleased the land and given the building to Morgan.

For the same reason we overrule plaintiff's contention that Neely Oil, Inc., is liable under the doctrine of res ipsa loquitur. See *Mobil Chemical Company v. Bell,* 517 S.W.2d 245 (Tex.1974).

We conclude that the summary judgment proof establishes that there is no issue of fact on essential elements of plaintiff's cause of action against defendant, Neely Oil, Inc.

The judgment of the trial court is affirmed.

DODSON, J., not participating.