**GENERAL PRODUCTION CO., INC., Appellant,**

v.

**BLACK CORAL INVESTMENTS d/b/a Americana Building, Appellee.**

No. B14–85–869–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 10, 1986.

Rehearing Denied Aug. 28, 1986.

Bruce W. Claycombe, Dallas, for appellant.

H. Miles Cohn, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Black Coral Investments d/b/a Americana Building. The issue presented is whether Lester Smith (Smith), an officer of General Production Co., Inc. (General Production or appellant), had the apparent authority as a matter of law to bind the corporation to lease agreements executed by him on General Production's behalf. We hold that he did and affirm the judgment of the trial court.

General Production, a Delaware corporation, is the successor entity resulting from a merger between two Texas companies, General Petroleum Corporation and General Production Corporation. The two Texas organizations were sister corporations, each having the same board of directors, officers and employees. Lester Smith was president of General Production Corporation and vice-president of General Petroleum Corporation when those companies existed. He was then executive vice-president of General Production until the fall of 1982, when he left to form another corporation.

As vice-president of General Petroleum Corporation, Smith negotiated and executed a lease agreement on its behalf which had a term of five years, beginning December 1, 1977, and ending November 30, 1982. During the term of this first lease, Smith executed at least eight amendments to it for General Petroleum Corporation. As the lease term neared its date of expiration, Smith, on behalf of appellant, began negotiations to enter into a new lease agreement. On August 1, 1982, Smith executed a modification and ratification of the first lease for appellant General Production. In this agreement appellant expressly ratified the terms of the first lease, which was previously signed by Smith for General Petroleum Corporation. Smith executed the second lease and an amendment thereto on September 22, 1982. On October 26, 1982, Smith signed another amendment to this lease on appellant's behalf. Appellant paid rentals accruing under the second lease without incident until April, 1983. No rent has been paid from April of 1983 to the present.

Appellee brought suit against appellant to collect rentals, escalation rentals and ad valorem taxes due under both leases. Appellant does not dispute that Lester Smith executed the leases or that it is in default under them. Neither does it dispute the amount of the unpaid rentals. Appellant's position is that Smith had no apparent authority to bind the corporation to the leases. Appellee, on the other hand, argues that Smith had apparent authority as a matter of law to execute the leases and filed a motion for summary judgment to that effect with the trial court. The court determined from the evidence presented that Smith had apparent authority to bind appellant and granted appellee's motion.

In its first point of error appellant argues that appellee's summary judgment proof was insufficient as a matter of law and the trial court improperly granted appellee's motion. Specifically, appellant asserts that the affidavits of Thomas W. Shobbrook and Robert Hughes, filed in support of appellee's motion, are fatally defective because they fail to state that they were made on the affiants' personal knowledge. Moreover, appellant argues, they do not show that the affiants were competent to testify to the facts alleged in the affidavits. Tex.R.Civ.P. 166–A(e). *See also Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1962); *Akins v. Coffee,* 376 S.W.2d 953 (Tex.Civ.App.—Dallas 1964, writ dism'd).

We disagree with appellant's contentions. Thomas Shobbrook's affidavit affirmatively states that he has personal knowledge of each of the lease agreements involved in this suit. The contents of his affidavit also indicate that he was competent to testify as to the matters stated, at least from 1981 through August, 1983. It was during this period that the affiant supervised the management of the Americana Building and negotiated all lease agreements, includ-

ing appellant's second lease, on behalf of the building owners. We conclude that Mr. Shobbrook's affidavit affirmatively shows that, from 1981 through August, 1983, he had personal knowledge of the facts contained in his affidavit and was competent to testify as to them.

Robert Hughes testified in his affidavit that he was the building manager for the Americana Building since June, 1982. He stated that his responsibilities were to see to the daily administration of the building, including dealing with tenants' problems and questions. When appellant had a problem or question, Lester Smith was the corporate representative who contacted Mr. Hughes. Moreover, Mr. Hughes was involved in negotiating the second lease between appellant and appellee. During these negotiations Lester Smith represented appellant. Mr. Hughes was further responsible for the maintenance and collection of the tenants' rental accounts and other sums owed. He stated that he had personal knowledge of the calculation and invoicing of sums due and of all payments made by tenants. These statements affirmatively show that Mr. Hughes was competent to testify as to the facts stated in his affidavit and that he had personal knowledge of these facts.

While it is true that portions of both the Shobbrook and the Hughes affidavits are merely conclusory and unilateral subjective determinations of the facts, *Inwood Forest Community Improvement Association v. R.J.S. Development Co.*, 630 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1982, no writ), when those portions are not considered, the remaining statements embody sufficient factual information to sustain the burden of proving the allegations in the motion. *Moya v. O'Brien*, 618 S.W.2d 890 Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). A close reading of the affidavits leaves no doubt that the affiants were speaking from personal knowledge and were competent to testify as to matters stated. In addition to the affidavits, appellee offered depositions, lease contracts, amendments, proof of payments pursuant to the various leases, including

the last two, and other summary judgment evidence which, standing apart from the affidavits, were sufficient to sustain its burden of summary judgment proof.

Appellant argues that without the affidavits, appellee's remaining summary judgment proof consists of the deposition of Lester Smith. It contends that the deposition is also incompetent because Lester Smith is an interested witness whose testimony is not uncontroverted or free from inconsistencies. Tex.R.Civ.P. 166–A(c). We hold that Lester Smith is not an interested witness. An interested witness is one who would be benefited in some manner by the outcome of a suit in favor of one side or the other. Smith is not employed by or connected in any way to any party to this suit. He has no stake in the outcome of the suit and would be in no better position if one party prevailed as opposed to the other. The deposition testimony of Lester Smith, taken together with the other evidence presented by appellee, is sufficient to sustain appellee's burden of proving the allegations in its motion and that no genuine issues of material fact exist. Appellant's first point of error is overruled.

In its second point of error appellant claims that summary judgment was improperly granted because affirmative defenses were raised and because the scope of an agent's authority is always a fact question which precludes summary judgment. In support of its contention that affirmative defenses were raised which preclude the granting of summary judgment, appellant relies on defenses contained in its verified first amended answer. However, a diligent search of the record fails to disclose the existence of the pleading referred to. Therefore, nothing is preserved for this court to review.

 We turn now to the question of whether the scope of an agent's authority can be a matter of law or is always a question of fact. An agent has apparent authority to act on behalf of a principal if the principal's conduct would lead a reasonably prudent person to suppose the agent

had the authority he purported to exercise. *Douglass v. Panama, Inc.*, 504 S.W.2d 776 (Tex.1974). The facts in this case are undisputed. Both sides agree that Smith negotiated and executed the lease agreements and amendments on behalf of appellant or its predecessor corporations. Appellant knew of and consented to Smith's representation of appellant in its dealings with appellee. This fact is evidenced by the modification and ratification agreement signed by Smith for appellant on August 1, 1982. Appellee was aware of this knowledge and consent and relied on appellant's conduct in apparently authorizing Smith to act on its behalf. Having acquiesced for so long in Smith's exercise of authority and having failed to engage in conduct which would have led appellee to reasonably believe that Smith was not authorized to exercise such authority, appellant is bound by Smith's continued exercise of that authority. In fact, appellant's conduct in paying rent on the second lease, a lease its agent was allegedly not authorized to execute, is some further indication that appellant gave Smith apparent authority to act on its behalf.

Since no disputed questions of fact exist as to Smith's apparent authority to act for appellant, that issue becomes a matter of law. *See Almar-York Co. v. Fort Worth National Bank*, 374 S.W.2d 940 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.) (where the court upheld an instructed verdict on the issues of an agent's apparent authority and the principal's ratification of a lease contract). We believe the trial court properly granted appellee's motion for summary judgment since no genuine issue of material fact existed and appellee proved itself entitled to judgment as a matter of law. Point of error two is therefore overruled.

By a single cross-point of error, appellee asserts that the trial court erred in awarding only $5,000.00 in attorney's fees, despite uncontroverted evidence that fees totaled $8,800.00. Allowance of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed without showing that the court abused its discretion. *Reintsma v. Greater Austin Apartment Maintenance*, 549 S.W.2d 434 (Tex.Civ.App.—Austin 1977, writ dism'd); *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Although appellate courts may suggest remittitur of an excessive allowance of attorney's fees as a condition of affirmance, they are not authorized to *increase* the trial court's allowance. *Neal v. Neal*, 606 S.W.2d 729 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); *Reintsma v. Greater Austin Apartment Maintenance*, 549 S.W.2d at 437; *Grimes v. Robitaille*, 288 S.W.2d 211 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.). We find no abuse of discretion. Appellee's cross-point is overruled.

The judgment of the trial court is affirmed.