**Seung Ock AHN, Individually, and as Next Friend for Arvin Ahn and Peter Sung Ahn, Both Minors, Appellants,**

v.

**TEXACO, INC., Appellee.**

**No. 08–87–00041–CV.**

Court of Appeals of Texas,
El Paso.

Aug. 3, 1988.

Rehearing Denied Aug. 31, 1988.

Dan L. Armstrong, El Paso, for appellants.

R. Scott McCay, Houston, Victor F. Poulos, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

The widow and minor children of the deceased sued Texaco, Inc., as a result of the death of her husband/father by a service station attendant. The trial court granted a summary judgment for Texaco, Inc. We affirm the judgment of the trial court.

On September 28, 1982, Appellant's husband stopped at Wells' Truck Stop seeking unleaded fuel for his car. Thomas Eugene Wells owned the station which handled Texaco products. An argument ensued, over the unavailability of unleaded fuel, between Appellant's deceased husband and an employee at the station, resulting in Appellant's husband being shot and killed. Appellant obtained a judgment against the owner of the station and the employee, and also sought money damages against Texaco, Inc. The trial court granted summary judgment for Appellee, Texaco, Inc.

Points of Error Nos. One, Two and Three assert that the trial court erred in granting summary judgment on the question of

agency, the requirements of federal regulations and under the Texas Deceptive Trade Practices Act violations.

■ The summary judgment proof of Texaco, Inc., contained an affidavit of its division marketing manager, O.P. Treadwell, which disproved a claimed agency relationship in regard to the ownership and/or operation of the service station. The contract between Texaco, Inc., and Wells specifically referred to the retailers as independent businessmen. Treadwell was certainly an interested witness, but his testimony was clear, positive and direct as provided for by Tex.R.Civ.P. 166a(c), and subject to being controverted. *Duncan v. Horning,* 587 S.W.2d 471 (Tex.Civ.App.—Dallas 1979, no writ). Wells was dead at the time of the hearing on the motion for summary judgment, but Wells had previously given a deposition, part of which was attached to Appellant's response to the motion for summary judgment, wherein Wells stated his stations were never controlled by Texaco. Treadwell's affidavit did not state it was made on personal knowledge, but this does not have to be specifically mentioned in the affidavit. *General Production Co., Inc. v. Black Coral Investments,* 715 S.W.2d 121 (Tex.App.—Houston, [14th Dist.] 1986, writ ref'd n.r.e.). Viewing the affidavit as a whole, it is apparent that Treadwell was a competent witness to testify to the contractual relationships between Texaco and Wells. Appellants have failed to show how an agency relationship between Wells and Texaco existed. *Willman v. Texaco,* 535 S.W.2d 774 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

Point of Error No. One is overruled.

■ Appellant asserts liability under the federal regulation which provides that "every person who owns, leases, operates ... retail outlets ... shall offer for sale at each such retail outlet at least one grade of unleaded gasoline...." 40 C.F.R. sec. 80.-22(b) (1987). The evidence indicated the service station had an unleaded pump but had run out of unleaded gas. Since we fail to find that there was an agency relationship between Wells and Texaco, we therefore find the trial court properly granted the summary judgment under this contention.

Point of Error No. Two is overruled.

■ Appellant contends that Texaco conducted nationwide advertising that, in effect, constituted a representation of high quality of its services and constituted a violation of the Texas Deceptive Trade Practices Act. However, it appears that Texaco's advertising points to the quality of its products rather than a representation of the services rendered at individually owned retail establishments. Appellant failed to show how this was a deceptive trade practice which produced the death of Appellant's husband. *City of Marshall, Texas v. Bryant Air Conditioning Co.,* 650 F.2d 724 (5th Circuit 1981), *MacDonald v. Texaco, Inc.* 713 S.W.2d 203 (Tex.App.—Corpus Christi 1986, no writ).

Point of Error No. Three is overruled.

The judgment of the trial court is affirmed.