**Affirmed in part, Reversed and Rendered in part and Memorandum Opinion filed August 20, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00050-CV

---

### APRIL LYNN CARSON AND BOBBY JEAN GORDON WALL, Appellant

### V.

### WINTER GORDON JUNIOR, Appellee

---

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 21-DCV-285325**

---

### MEMORANDUM OPINION

Appellants raise issues with three rulings of the trial court: a jurisdictional ruling, a summary judgment on the merits (pertaining to the ultimate issue in the trespass to try title claim based on superior title from a common source), and a judgment for attorneys' fees.  We affirm in part, with respect to jurisdiction and the merits of case, and reverse in part, with respect to the attorneys' fee award.

# I. FACTUAL AND PROCEDURAL BACKGROUND

A man named Winter Gordon was born in the 19th Century. He had a son named after him, Winter Gordon, Jr. ("Father" or "Decedent"). On March 23, 1955, Father had a son whom he named after him, but on his birth certificate, the name was misspelled—Wenter Gordon, Jr. ("Appellee" or "Gordon"). According to Appellee, and some evidence admitted in the summary judgment proceedings, throughout his life, despite this unfortunate typo, Appellee has referred to himself as "Winter Gordon, Jr." while Father referred to himself at times as "Winter Gordon" or "Winter Gordon, Sr.".

When Father died in October 2011, Appellee reported the Decedent's name as "Winter Gordon" and his name as "Winter Gordon, Jr." Appellee did not actually change his name to "Winter Gordon, Jr." until several years later, in August 2016.

A probate proceeding was instituted for Decedent in Fort Bend County Court at Law, Number 2. Father's heirs included Appellee and his sisters Diana Offord, Joyce Stein, and Appellant, Bobby Gordon-Wall. Moreover, a will was admitted to probate. Gordon-Wall was named executrix of the will, and after a will contest, the will was deemed valid. The will left Decedent's entire estate to Appellant, April Carson  who is Bobby Gordon-Wall's daughter, Appellee's niece, and the Decedent's granddaughter. Because of the similarities of the various names, we include this chart:

2



In August 2019, Appellant Carson was sued by the Brazos Independent School District ("BISD") in *Brazos Independent Sch. Dist. v. Winter Gordon, Jr., et al*, Cause No. 18-DCV-252437 in the 268th District Court, Fort Bend County, Texas. The BISD claimed delinquent taxes were owed by "Winter Gordon, Jr., et al" for tax year 2018 concerning two parcels of land: (1) a one-acre tract out of 49.135 acres in the Milton Perry Survey; and (2) the remaining 48.135 acres in the Milton Perry Survey (hereinafter "Property"). Appellants contend that they never knew about the Property before the BISD lawsuit. Appellant Carson filed an answer to the lawsuit, sought a title opinion from Texas American Title which, via a "Nothing Further Certificate," determined the Property was vested in the "heirs at law or devisees of Winter Gordon, Jr., deceased." She paid the tax claim and settled the BISD lawsuit, filed an affidavit requesting the Fort Bend taxing authority to place title to the Property in her name, and, on August 22, 2019, obtained an Independent Executor's deed from Appellant Bobby Gordon-Wall.

On July 20, 2021, Appellee filed the instant lawsuit in the 400th District Court of Fort Bend County, Texas alleging he, rather than Father, purchased the Property in 2008.

Although Appellee's petition asserted claims for civil conspiracy,

3

negligence, fraud, negligent misrepresentation, unfair trade practices, unjust enrichment and intentional infliction of emotional distress, the suit is centrally focused on Appellee's claim to the Property as superior to Appellants, which is the focus of his declaratory judgment action. The suit attaches the General Warranty Deed from grantors Sandra McGee and Rhonda Boepple ("Grantors") to grantee Winter Gordon, Jr.

Appellants answered the lawsuit. Appellant Carson specifically pointed out the property at issue, for which she received a deed, was bequeathed to her as the sole beneficiary of the Estate of Decedent, and for which the Personal Representative, Bobby Jean Gordon-Wall, issued an Executor Deed, pursuant to her duty and authority conferred by the court in probate Case No. 12-CPR-024269, in the Fort Bend County Court at Law No. 2. She also alleged Appellee sought realty belonging to the Estate of Decedent by changing his name from "Wenter" to "Winter" to obfuscate and remove ownership of omitted estate assets of the Decedent's estate.

Six months after filing his lawsuit, on February 16, 2022, Appellee filed a motion for summary judgment on the sole ground of "trespass to try title." The trial court granted appellee's summary judgment, ordered the Executor's Deed void and granted title to the property to Appellee in its November 3, 2022 order which concluded with the statement "All relief requested in this case and not expressly granted herein is DENIED. This Summary Judgment & Order finally disposes of all parties and claims and is appealable." The order awarded an unspecified amount of attorneys' fees, which we determined posed an impediment to the finality of the judgment. We abated this appeal so that trial court could assess

4

those fees.[1]

Appellants challenged the trial court's jurisdiction under the Probate Code. The trial court, took the matter under advisement but never ruled on Appellants' plea to the jurisdiction and motion for new trial. The trial court's jurisdiction was interpreted under recent precedent to have expired February 16, 2023 and this appeal ensued.

## II. ORDER DENYING PLEA TO THE JURISDICTION

In their first series of issues, which we consolidate as one, Appellants Carson and Gordon-Wall contend that the trial court erred in implicitly denying or failing to rule upon their plea to the jurisdiction based on the Fort Bend County Court at Law, Number 2's jurisdiction of an ongoing, arguably related, probate proceeding.

Subject matter jurisdiction is necessary to a court's authority to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). Subject matter jurisdiction is never presumed, and challenges to it cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Thus, challenges to subject matter jurisdiction may be raised at any time. *See Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 445). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010); *San Jacinto River Auth. v. Lewis*, 629 S.W.3d 768, 772 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

The ultimate question posed by the plea to the jurisdiction is whether the Fort Bend district court has subject matter jurisdiction over Appellee's claims

---

[1] The trial court subsequently awarded a sum certain in attorneys' fees and the abatement was then lifted and this appeal proceeded.

when a probate proceeding in a related matter was pending in a Fort Bend county court. As a starting point, we agree with Appellants that reasonably construed, Appellee's claims against them involve "matters related to the probate proceeding," as at minimum it is "an action brought against a personal representative in the representative's capacity as personal representative." Tex. Est. Code §§ 31.002(a)(4), (b)(1), 32.001.

Our court recently addressed a similar question under similar but not identical factual circumstances and concluded that the district court of one county has jurisdiction to hear "matters related to the probate proceeding" ongoing in the county court of *another* county if that other county is of the variety in Texas that lacks a statutory probate court but where county courts at law exercise original probate jurisdiction concurrent with the (constitutional) county courts. *Whitener as Tr. of Charles Cleveland Whitener, III Marital Tr. v. Origin Bank*, No. 14-22-00235-CV, 2023 WL 1169025, at *4-5 (Tex. App.—Houston [14th Dist.] Jan. 31, 2023, no pet.)("Indeed, the legislature has made clear that generally a county court's original probate jurisdiction is *not* exclusive when the county has a statutory county court at law but not a statutory probate court")(ital. in original); Tex. Est. Code § 32.002(b).

Our case today is only different in that it involves a probate proceeding ongoing in a county court of law in the *same* county as the district court where the subject suit involving "matters related to the probate proceeding" has been filed. Based on our reasoning in *Whitener*, we can find no basis for a material distinction that would lead us to an alternative conclusion. *Whitener*, at *4; *but see In re Perkins*, No. 10-17-00311-CV, 2017 WL 6614658, at *3 (Tex. App.—Waco Dec. 27, 2017, no pet.).

We therefore overrule Appellants' first set of issues.

6

## III. Order Granting Plaintiff's Motion for Summary Judgment

In their second series of issues, which we consolidate as one, Appellants Carson and Gordon-Wall challenge the trial court's order granting summary judgment which declared that title in fee simple in the Property to be vested in Appellee, and declared the two Independent Executrix Deeds conveying the property to Carson "invalid, null and void, and of no further force or effect."

### *Standard of Review*

We review a trial court's order granting a traditional summary judgment de novo. *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 908 (Tex. App.—Houston [14th Dist.] 2009, no pet.). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

To be entitled to a traditional summary judgment, the movant must show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).[2] If the movant does so, the burden shifts to the nonmovant to produce evidence raising a fact issue. *Lyda Swinerton Builders, Inc. v. Cathay Bank*, 409 S.W.3d 221, 229 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In reviewing the summary judgment, we consider only grounds that were expressly set forth in the motion.

### *Summary Judgment Evidence*

Appellee's sole claim in dispute on summary judgment, his trespass-to-try-title claim framed through declaratory judgment allegations, was met with general

---

[2] At the two hearings on Appellee's Motion for Summary Judgment the court requested a live presentation of evidence. The record reveals no live testimony was ultimately received at the hearings and no harm resulted from the court's misgiving, Tex. R. Civ. P. 166a(c)("No oral testimony shall be received at the hearing"). We implore the trial courts to implement the specific rules applicable to hearings on particular motions.

denials of both Carson and Gordon-Wall, and prompted Carson, in her Answer challenging Appellee's claim to the Property to assert factual allegations that the property belonged to her as the sole beneficiary of Father's estate.

In his motion for summary judgment, Appellee sought to obtain summary judgment on his claim for declaratory judgment and *de facto* trespass-to-try title claim. He based his trespass-to-try title claim on the two grounds of proof of a regular chain of conveyances from the sovereign and through a superior claim from a common grantor. Accordingly, he presented evidence demonstrating the chain of conveyances from the sovereign up to the April 10, 2008 Deed showing that Grantors conveyed the Property to the named grantee indicated as "Winter Gordon, Jr." with a mailing address "P.O. Box 549, Fulshear, Fort Bend County, Texas 77441."

Among the proof offered in support, Appellee Gordon provided the affidavit of Christin Price, the grantee's realtor named on the deed who testified that

> I own and operate C. Gordon Realty, LLC, P.O. Box 1105, Fulshear, Texas 77441.
>
> Winter Gordon Jr. (hereinafter referred to as "Gordon"), whose date of birth is March 23, 1955, was a client of C. Gordon Realty, LLC in 2008.
>
> In February 2008 in my capacity as a buyer real estate broker/agent under C. Gordon Realty, LLC, I represented Gordon in his purchase of [the Property].

Price's affidavit provides further details of her knowledge of the identity of her client and of her involvement and familiarity with the transaction, including statements about the title company and the financing entity involved in the purchase. Price states "I, along with Gordon, signed the contractual documents in StarTex Title Company's office."

In their summary-judgment response, Appellants Carson and Gordon-Wall

challenged Appellee's claim to the Property on the grounds of superior title from a common source, the name "Winter Gordon, Jr." on the same 2008 deed Appellee asserted right to title, as effectuating a conveyance to Father in 2008, and in turn becoming part of Father's Estate. That is, they asserted that Decedent, not Appellee, actually purchased the property in 2008. Carson's affidavit provides the statement that the Father and Appellee "never shared the same name during [Father's] lifetime. [Father] died on October 7, 2011. From the time he was born until he had his name changed in 2016, five years after [Father's] death, [Appellee's] name was Wenter Gordon, not Winter Gordon." Carson also provides a certified document indicating Appellee's name-change from Wenter Gordon Jr. to Winter Gordon Jr. in 2016.

Carson's affidavit also states that Carson first became aware of the Property in 2019 when BISD sued her for delinquent taxes on the Property. She states she believed this was because she was the sole beneficiary of her grandfather's will, and that this prompted her to contact a title company to research the title. Carson and Gordon-Wall provided evidence from a Nothing Further Certificate issued by Texas American Title Company (who Carson had contacted to research the title) stating that record title to the Property appeared to be vested in the heirs at law or devisees of Winter Gordon, Jr., Deceased, i.e. Father.

Carson and Gordon-Wall also attack the credibility of Gordon's claim based on the 2008 Deed against a December 28, 2020 letter from Appellee Gordon to Carson and Gordon-Wall wherein Appellee Gordon states he had "purchased the property from Ellis Management Inc. seven (7) years ago."

Gordon filed a Reply and further supporting affidavits addressing Carson and Gordon-Wall's response. Gordon provided his birth certificate signed on March 23, 1955 showing both he and his father's first names spelled "Wenter" and

9

by way of his affidavit testimony, along with high school records, explains this to be a misspelling—the inadvertent mistake of a "midwife. . .[who]. . .was neither highly nor even formally educated," a spelling which throughout his life he disregarded, while going by "Winter" without formally correcting the error until 2016 in order to obtain a passport. In the affidavit Gordon further explains that the closing documents for the 2008 purchase "bear my signature and/or other telltales of my identity, including my address-which, notably, was not my father's address at the time of the Closing."

Gordon provided a supplemental affidavit wherein he explains he paid or payments were made on his behalf for taxes paid on the Property since 2008. The affidavit addresses tax payments which he contends he made to both Austin County and Fort Bend County of the various taxes regularly assessed or levied against the Property. Appellee Gordon states that Appellant April Carson paid taxes on the Property one time for one year, but that amount was subsequently refunded to her.

Appellee declared in his supplemental affidavit that the corporate payor entities listed, W Gordon Enterprises Inc., Goki Development Corporation, were companies he has been a director since 1998 and 1999, respectively, both "closely aligned with my own personal interests" and payments by those entities were made on his behalf. He similarly explained that B&A Family Partnership LP was the lender who financed his purchase of the Property, and that Ellis Management Company Escrow was an "operational tool of the lender".

Finally, appellee presented the affidavit of Darleene Wright, who testified she assisted in preparing the lending agreement for the property with Appellee "Mr. Winter Gordon, Jr., the Plaintiff in this case." She further testified that

I am familiar with the parcel (or parcels) of real property that is (or

10

are) the subject of this lawsuit (the "Property"). During my tenure at Ellis Management and as part of my employment duties in 2008, I assisted Mr. Ellis in preparing and executing the agreement he had with Mr. Winter Gordon, Jr., the Plaintiff in this case. . .

In the entire time I worked at Ellis Management, I was never aware of any instance of Mr. Gordon's father- i.e., 'Winter Gordon, Sr. aka Winter Gordon, Jr.'-conducting any business or having any personal or professional relationship with Ellis Management or, indeed, anyone who worked there.

In their Sur-Reply, Gordon and Carson, lodge attacks without further evidentiary support. Carson and Gordon-Wall also objected to various exhibits.

*Analysis*

Summary judgment may be granted on the basis of uncontroverted testimonial evidence of an interested witness if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 66a(c); *see Casso v. Brand,* 776 S.W.2d 551, 558 (Tex. 1989). The language "could have been readily controverted" "does not simply mean that the movant's summary judgment proof could have been easily and conveniently rebutted. Rather, it means that testimony at issue is of a nature which can be effectively countered by opposing evidence." *Casso,* 776 S.W.2d at 558; *see also Hamamcy v. Wyckoff Heights Hosp.,* 786 S.W.2d 32, 34 (Tex. App.—Fort Worth 1990, writ denied). Summary judgment is inappropriate if the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case. *Casso,* 776 S.W.2d at 558; *Pleasant v. Hernandez*, No. 14-21-00617-CV, 2022 WL 3655176, at *4 (Tex. App.—Houston [14th Dist.] Aug. 25, 2022, no pet.).

The primary fact in dispute is whether Appellee or his Father was the "Winter Gordon, Jr." who purchased the Property from Grantors in 2008. While a

11

small sliver of evidence from Appellants in support of their position that Father was the purchaser of the Property, most of the other evidence offered in the summary judgment proceeding was offered to add or detract from the credibility of the witnesses. Carson and Gordon-Wall are correct, and Appellee Gordon does not dispute, that as of the date of the 2008 purchase his name as reflected on his birth certificate remained "Wenter" not "Winter" as shown on his deed. However, Carson and Gordon-Wall present no authority, nor can we locate authority that requires that a purchaser/grantee identify themself in a deed by their name exactly as it written on their birth certificate. However, through the course of the litigation and sufficiently in advance of the summary judgment hearing, appellee made appreciable efforts to present affidavit testimony to support his version of events:

- The uncontested fact that his birth certificate contained misspellings of his father's name would suggest a reasonable basis to believe the spelling of his name on the birth certificate was a mistake. His testimony supported by his high school records support the proposition that he commonly used the spelling "Winter" rather than "Wenter".

- Price, appellee's daughter and realtor to the transaction, demonstrate her involvement and base of knowledge in the transaction, and demonstrate that he provided testimony that he purchased the Property in 2008.

Although Carson and Gordon-Wall champion appellant's birth certificate and his formal name change in 2016 to contend he was not the true purchaser, they present no evidence to contradict appellee's contention that he used the spelling "Winter" prior to his 2016 name change. At most, Carson and Gordon-Wall challenge appellant's credibility but fail to refute the material facts attested to the multiple affidavits presented by Appellee Gordon. Appellants were obliged to establish there were genuine issues of *material* facts. *Gatesco Q.M. Ltd. v. City of Houston*, 503 S.W.3d 607, 617 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

While every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in nonmovant's favor, *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018), Appellants were still required to refute the material facts in Appellee's affidavits that he was the purchaser of the Property in 2008.[3]

Carson and Gordon-Wall presented argument and supposition but no evidence that either discredits appellee's association with the lender indicated on the Deed or the corporate affiliates who assisted in paying taxes on the property or that equally connects decedent to those entities. Rather the affidavit of Darleene Wright, a disinterested witnesses provides direct proof that Appellee was the individual who obtained financing for the property in 2008.

On appeal, Carson and Gordon-Wall contend that statements in the affidavits of Christin Price and Darleene Wright are conclusory. However, virtually their entire affidavits (and supplemental affidavit) contain factual and historical statements, statements of fact which we conclude could be rebutted and are thus not conclusory. *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). To the extent any statement within their affidavit viewed to the exclusion of all other statements were conclusory, none were improperly conclusory—lacking support with sufficient detail, and background. *See, e.g. General Prod. Co. v. Black Coral Invs.*, 715 S.W.2d 121, 123 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Each of the affiants

---

[3] Even Appellee's 2020 demand letter where he states that he purchased the "property from Ellis Management seven years ago" does not raise a material fact question. Regardless of who Appellee Gordon stated that he purchased the Property from, he still states that he bought the Property and Appellants don't refute that core, material fact. *See e.g., ExxonMobil Corp. v. Alvarez*, No. 14-22-00863-CV, 2024 WL 847701, at *3-4 (Tex. App.—Houston [14th Dist.] Feb. 29, 2024, no pet. h.)(reasoning two fact issues asserted by non-movant to be immaterial for purposes of summary judgment).

stated their basis for personal knowledge of relevant facts. For Christin Marie Price and Darleene Wright, the knowledge was based on their respective jobs, their professional connection to appellee and other parties to the transaction. The affidavits of Darleene Wright, and Christin Marie Price demonstrated they had personal knowledge of the at-issue transactions, and were competent and qualified to testify about those transactions and the documents related to those transactions.

Because Appellee shifted the burden in his motion, Carson and Gordon-Wall bore the burden to demonstrate that Appellee Gordon's claim that he was the signatory on the 2008 Generally Warranty Deed was false, and they failed to overcome that burden. *Calzada v. Am. First Nat. Bank*, No. 14-07-00022-CV, 2008 WL 324912, at *4 (Tex. App.—Houston [14th Dist.] Feb. 7, 2008, no pet.). Based on the record before us and applying the applicable standard of review, and taking as true all evidence favorable to the nonmovant and indulging every reasonable inference and resolving any doubts in the nonmovant's favor we conclude the trial court did not err in finding that Appellants demonstrated no genuine issue of material fact and that Appellee was entitled to judgment as a matter of law on his claim of trespass to try title for the 2008 Property.

We therefore overrule Appellants' second set of issues.

### IV. ORDER GRANTING ATTORNEYS' FEES

In their last issue, Carson and Gordon-Wall challenge the trial court's award of attorneys' fees.

A trespass to try title action is the method of determining title to lands, tenements, or other real property. Tex. Prop. Code Ann. § 22.001 (West 2000 Trespass to try title is the exclusive remedy to resolve competing claims for property. *Lile v. Smith,* 291 S.W.3d 75, 77 (Tex. App. —Texarkana 2009, no pet.). In a trespass to try title action, the prevailing party's remedy is title to, and

14

possession of, the real property interest at issue. *Vernon v. Perrien,* 390 S.W.3d 47, 54 (Tex. App. —El Paso 2012, pet. denied).

Texas follows the American Rule which provides a party may not recover attorney's fees unless authorized by statute or contract. *In re Nat'l Lloyds Ins. Co.,* 533 S.W.3d 794, 809 (Tex. 2017). The sole basis for the attorneys' fees awarded by the trial court derives from the assertion that that the suit was brought under Declaratory Judgment Act, which provides for such fees. Though the Declaratory Judgment Act is a permissible vehicle to pursue a trespass to try title suit in some property disputes, the facts that have been presented in this case do not fall among those types, i.e., this is not a case involving a property line dispute. Tex. Civ. Prac. & Rem. Code § 37.004(c) ("Notwithstanding Section 22.001, Property Code, a person described by Subsection (a) may obtain a determination under this chapter when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties."). Accordingly, the trial court's award of attorneys' fees under the Act was improper.

We therefore sustain Appellants' last issue, their challenge to the attorneys' fee award.

## V. CONCLUSION

Upon our review of the record, having concluded that the trial court did not err with respect to its jurisdiction or in granting appellee's summary judgment on his trespass to try title claim, we affirm in part. Having found the court erred in awarding attorneys' fees, we reverse and render in part.

/s/     Randy Wilson
         Justice

Panel consists of Justices Hassan, Poissant, and Wilson.

15